Ollie SIMMONS, Jr., and Otto Constantine, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15591.

Court of Criminal Appeals of Oklahoma.

June 23, 1971.

Curtis A. Parks, Public Defender for Tulsa County, for plaintiffs in error.

Larry Derryberry, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## OPINION

BRETT, Judge:

Plaintiffs in Error, hereinafter referred to as defendants, were charged, tried, and convicted for the crime of Second Degree Burglary, After Former Conviction of a Felony, in the District Court of Tulsa County, Oklahoma, case No. CRF–69–974. A two-stage proceeding was held and at the completion of the first stage the jury returned a verdict finding both defendants guilty of the offense of Second Degree Burglary. Thereafter, the defendants waived a jury and the second stage of the proceeding was had before the court itself. After being found guilty by the court in the second stage of the two-stage proceedings each defendant was sentenced to a period of ten (10) years in custody of the Department of Corrections.

Motion for New Trial was duly submitted and overruled. Notice of Intention to Appeal was given in open court and reduced to writing. The matter now comes before this court on appeal.

The facts reveal that Jewell Cox was the owner and operator of "Jewell's Tavern," located at 836 North Greenwood, Tulsa, Oklahoma. On June 25, 1969, at approximately 12:30 A.M., she closed and locked the front door. Later the same morning she returned to the tavern (at the request of law enforcement officers) and found the front door open; certain vending machines had been rifled and the interior in somewhat disarray. She testified to the fact that neither of these defendants nor anyone else had been given permission to enter the premises.

Officer Michael Baylor of the Tulsa Police Department testified that he proceeded to Jewell's Tavern between one and two A.M. on the morning of June 25, 1969, as a result of a radio dispatch he had received; approached the front door of the establishment and it was opened by defendant Simmons. Officer Baylor further testified that as he entered the front door he asked Simmons what he was doing inside the tavern; to be told by Simmons that he was "cleaning up."

Thereafter, Simmons and Constantine, both of whom were found inside the premises, were arrested and incarcerated in the Tulsa City Jail. That same morning sometime after seven A.M., Simmons and Constantine were interrogated by detectives of the Tulsa Police Department and their statements were admitted into evidence in the trial.

In a proceeding outside the presence of the trial jury, the trial judge heard evidence on the question of the admissibility of these in-custody statements made by the defendants. After hearing that testimony the trial judge made a determination of the admissibility of these statements, and thereafter the statements were presented in open court to the jury.

In this appeal defendants offer two propositions of error as follows:

1. Error of the court in allowing into evidence an incriminating statement made by one of the defendants in response to a police officer's question prior to the defendants being advised of their Constitutional right to remain silent.

2. Error of the court in overruling defendants Motion to Suppress the confession offered through Officer Larry Johnson after an evidentiary hearing.

With reference to defendant's first proposition, the record reveals that the exculpatory statement of defendant Simmons made in response to an investigating officer's question as the officer entered the premises of "Jewell's Tavern" was made prior to Simmons and his conjoint defendant being arrested and taken into custody. At that moment the incident was in the "investigatory stage" and the absence of any admonition or warning as to his alleged U. S. Constitutional rights is not determinative as to the admissibility of any response which defendant Simmons may have made.

The United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.

1602, 16 L.Ed.2d 694 (1966), stated concerning the principles of that decision:

> "The principles announced today deal with the protection which must be given to the privileged against self-incrimination when the individual is first subjected to police interrogation while in *custody at the station or otherwise deprived of his freedom of action* in any significant way." (Emphasis added)

In the instant case, the defendant was not arrested, he was not being subjected to in-custody interrogation in the police station or elsewhere and had not been deprived of his freedom of action in any significant way. Therefore, *Miranda, supra,* does not apply to this particular proposition. The trial court therefore, being satisfied that the exculpatory statement of defendant Simmons, in response to the question as the officers entered the premises was admissible, does not deny this defendant any rights which he is guaranteed under the United States Constitution, the Oklahoma Constitution, or the statutes of the State of Oklahoma.

Concerning defendants' second proposition that their Constitutional rights were violated, and that the Motion to Suppress should have been sustained, that contention is not borne out by the record before the Court.

The record reflects, according to the testimony of the arresting officers no interrogation of the two defendants was conducted by them. The defendants were immediately transported to the Tulsa Police Station where the investigation continued at that locale. Detective Larry Johnson testified that he informed Simmons of all of his Constitutional rights, pursuant to the *Mirada, supra,* decision; and that Simmons executed a written statement acknowledging these rights were explained and that he understood them. That statement was introduced into evidence. Thereafter, Simmons admitted his participation in the burglary, and subsequently, before the interrogation of Constantine was commenced, the same officer informed him of his rights under the United States Constitution, and Constantine indicated that he understood them and executed a written form to that effect. Later, both defendants admitted the offense for which they were in time tried and convicted.

The record also clearly reflects that prior to admitting the statements into evidence the trial judge conducted a plenary or evidentiary hearing outside the presence of the jury. In this hearing, the trial judge received evidence from both the State and the defense and made a determination of the admissibility of the in-custody confessions in conformity with the requirements of Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). This causes the requirements of Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963) to become moot, so far as this proceeding is concerned, and as contended by defendants in their brief. Likewise, the requirements of Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L. Ed.2d 593 (1967) were sufficiently complied with in this trial.

Therefore, after considering the records and briefs submitted to the Court, we are of the opinion the Constitutional rights of both defendants were protected, that they received due process of law in their trial, and the Judgment and Sentence should be affirmed in Case No. CRF–69–974.

It is so ordered.

BUSSEY, P. J., and NIX, J., concur.