**Plutarco HILL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–38.**

Court of Criminal Appeals of Oklahoma.

June 4, 1974.

Sandlin & Payne, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant Plutarco C. Hill, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Muskogee County, Case No. CRF–73–61, for the crime of Robbery with Firearms; his punishment was set at thirty-five (35) years imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the facts reveal that on March 17, 1973, at approximately 7:00 p. m., the West Side Safeway Store located

at 24th and Okmulgee Streets in Muskogee, Oklahoma, was robbed by two armed men who escaped with approximately $1,000.00 cash. At the trial, Mr. Monte Williams, manager of the store on the night of the robbery, testified that at about 7:00 p. m. on March 17, 1973, while he was inside the booth where the store safe is located, he heard a knock on the booth door. Upon opening the door, he was confronted by an Indian male holding a .32 or .38 caliber revolver, who demanded cash from the safe. Mr. Williams testified that he gave the man all the cash in the safe, which the assailant stuffed in his pockets. Williams also testified to having seen a second suspect standing several feet away from the booth near the shopping carts, but he was not able to describe him further than that he was taller than the defendant and was a white male. After he left the booth, Mr. Williams testified that the defendant, following the other party, left the store from the north door and turned toward the west. Williams identified the defendant at the preliminary hearing and again at trial, as the person who robbed him.

Mr. Jerry Renfro, a checker at the store on the night of the robbery, who witnessed it and later identified the defendant from a police mugshot, also testified at trial. He corroborated Mr. Williams' account of the escape route used by the two men. He also testified that the defendant was wearing a dark green jacket at the time of the robbery.

A third eye-witness, Mrs. Sara Whitfield, testified that she saw two men running from the north door of the West Side Safeway Store at about 7:15 p. m. on the night in question, as she was driving into the store parking lot. As the men turned to run west behind the store, Mrs. Whitfield said that her car narrowly missed hitting a tall man followed by a shorter, heavier man who came close enough to her car to touch the hood of it with his hand. Both men were wearing dark wind-breaker type jackets according to Mrs. Whitfield. At the preliminary hearing and at the trial,

Mrs. Whitfield identified the defendant as the second man who had run from the store.

Detective William C. McDonald, Jr. from the New Orleans, Louisiana Police Department, testified that the defendant had given him an oral statement concerning the Muskogee robbery after he was taken into custody on March 25, 1973, in New Orleans. Detective McDonald said that the Muskogee robbery was unknown to him prior to the defendant's confession that he and a second party had robbed the West Side Safeway Store in Muskogee on March 17th.

An in camera proceeding was held by the trial judge to determine if the confession had been voluntary. Detective McDonald testified that he had presented the defendant with a form bearing his constitutional rights and had asked the defendant to read it after ascertaining that the defendant could read. McDonald further stated that he did not read the rights to the defendant nor verbally explain them after the defendant said that he knew his rights. Defendant testified that he did not know his rights and was unable to read them because he did not have his glasses which he needs for reading. The judge found that the confession made by the defendant was voluntary and allowed it to be introduced at trial excluding references in it not pertaining to the Muskogee robbery. At trial it was stipulated that the jury should consider the voluntariness of the confession and the confession in relation to the other evidence presented.

██ In his first and only assignment of error, defendant contends that his statement to Officer McDonald was involuntary because he was not apprised of his constitutional rights and should not have been admitted into evidence. Defendant relies primarily on Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), holding that the privilege against self-incrimination can be waived only after a showing that defendant voluntarily and intelligently waived his rights.

In Peterson v. State, Okl.Cr., 473 P.2d 293 (1970), this Court held that the words of Miranda do not constitute a ritualistic formula which must be repeated without variation in order to be effective. Potter v. State, Okl.Cr., 511 P.2d 1120 (1973) held that where the corpus delicti is established by proof other than defendant's confession, the confession then becomes admissible for the purpose of connecting the defendant with the commission of the crime. See also Simmons v. State, Okl.Cr., 486 P.2d 651 (1971).

Finally, even if defendant's confession was illegally obtained, this Court held, in Breedlove v. State, Okl.Cr., 516 P.2d 553 (1973) that in view of the overwhelming evidence of guilt, its admission did not require setting aside the verdict. Also see Milton v. Wainwright, 407 U.S. 371, 92 S. Ct. 2174, 33 L.Ed.2d 1 (1972).

In conclusion, in view of the evidence presented at trial, we find the jury verdict amply supported, and the judgment and sentence appealed from is accordingly, affirmed.

BLISS, P. J., and BRETT, J., concur.